IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIM MCGEACHY, | ) |
| | ) Civil Action No. 10 - 917 |
| Plaintiff, | ) |
| | ) Chief District Judge Gary L. Lancaster |
| v. | ) |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| JOHN DOE #1, Warden; LAWRENCE COUNTY CORRECTIONAL CENTER; JOHN DOE #2, Hudson County Sherrif's Department; GOVERNOR RENDELL, Governor Commonwealth of Pennsylvania, | ) |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the Complaint be dismissed in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2) and/or § 1915A because this Court does not have subject matter jurisdiction as a result of the Rooker-Feldman Doctrine. It is further recommended that the Motion to Dismiss filed by Defendants John Doe #1 and the Lawrence County Correctional Center (ECF No. 20) be denied as moot and that Plaintiff's Motion for Summary Judgment (ECF No. 17) be denied.

**II.     REPORT**

Plaintiff, Tim McGeachy, an inmate currently confined at the Hudson County Correctional Center in Kearny, New Jersey, commenced this action under 42 U.S.C. § 1983 alleging that Defendants allowed him to be illegally transported across state lines in violation of the Uniform

Criminal Extradition Act (U.C.F.A.) which violated Plaintiff's rights under the United States Constitution.

A. Standards of Review

Presently pending is a motion to dismiss filed by Defendants John Doe #1 and the Lawrence County Correctional Center (ECF No. 20). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In deciding this motion, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. *See also*

Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (U.S. 2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

In addition, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688 ). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient

3

facts to support a cognizable legal claim. *See, e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378, (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

Finally, in Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) and Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), the Court of Appeals for the Third Circuit ruled that, in civil rights cases, a District Court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless a curative amendment would be inequitable, futile, or untimely. *Accord* Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (observing that in civil rights cases, leave to amend must be granted *sua sponte* before dismissing the complaint).

One Defendant has not been served in this action. The Court may review the allegations made against this individual pursuant to the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), wherein Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. Pertinent to the case at bar is the new authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Congress also amended Title 28 of the United States Code, section 1915, which establishes

4

the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 4). In addition, Defendants all are employees of a government entity. Thus, Plaintiff's allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and § 1915A. In reviewing complaints under 28 U.S.C. § 1915(e)(2)(B) and § 1915A, a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).

B. Plaintiff's Allegations and Relevant Facts of Record

In his Complaint, Plaintiff alleges the following. On the 8th day of April 2010, Defendants John Doe no. #1, the warden of the Lawrence County Jail in New Castle, Pennsylvania allowed Plaintiff to be illegally released to Defendant John Doe #2, Hudson County New Jersey Sheriffs Department, who in turn transported Plaintiff across state lines, in violation of the Uniform Criminal Extradition Act (U.C.F.A.) which violated Plaintiff's rights under the United States Constitution.

The docket of the Court of Common Pleas of Lawrence County at CP-37-CR-0000001-2010

reflects that Plaintiff was arrested on December 31, 2009 and held on $1,000,000.00 monetary bail (ECF No. 20-1).3. On January 6, 2010, McGeachy filed a waiver of extradition. On the same date, his public defender filed a petition to set a waiver hearing. At the waiver hearing, McGeachy orally moved to withdraw his waiver. On January 12, 2010, the court granted McGeachy's motion to withdraw his waiver. On March 1, 2010, McGeachy's public defender filed a petition for writ of habeas corpus and on March 11, 2010, an extradition hearing was held. On April 1, 2010, the Honorable Michael J. Wherry of the Court of Common Pleas of Lawrence County issued the following order:

> Order of Court (All Necessary Legal Prerequisites Have Been Proved to Authorize Release; New Jersey)
>
> Release of Tim McGeachy also known as Timothy McGeachy into the hands of the authorizing judge for commitment to an agent of the state of New Jersey to return the Deft to the State of New Jersey; 4/1/10 ca, da, apo, pd, jail, shff

ECF No. 20-1, p. 5).

On April 8, 2010, McGeachy was then placed into the custody of the Hudson County, New Jersey Sheriff, who transported him back to Hudson County.

### C. Rooker-Feldman Doctrine

This Court lacks subject matter jurisdiction over Plaintiff's claim under the Rooker-Feldman Doctrine. The doctrine is predicated on the principles of comity and federalism and originated from two Supreme Court opinions, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Specifically, the Rooker-Feldman doctrine holds that a United States District Court has no subject mater jurisdiction to review final judgments of a state court because only the Supreme Court has jurisdiction to review state judgments

under 28 U.S.C. § 1257. Feldman, 460 U.S. at 482; Rooker, 263 U.S. at 416. Accord Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000) ("The Rooker-Feldman doctrine is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision."). The Rooker-Feldman doctrine precludes a federal action if the relief requested in the federal action effectively would reverse the state decision or void its ruling. FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). Moreover, the Rooker-Feldman doctrine applies to the decisions of lower state courts. In re General Motors Corp. Pick Up Truck Fuel Tank Prod's Liability Litigation, 134 F.3d 133, 143 (3d Cir. 1998).

In Exxon Mobil Corp. v. Saudi Basic Industries Corporation, 544 U.S. 280, 284 (2005), the Supreme Court explained that the Rooker-Feldman Doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejections of those judgments." Thus, Rooker-Feldman applies when: 1) the federal plaintiff lost in state court; 2) the plaintiff complains of injuries caused by the state-court judgments; 3) those judgments were rendered before the federal suit was filed; and 4) the plaintiff is inviting the district court to review and reject the state judgments. *Accord* Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

All four of those factors apply here. First, Plaintiff lost in state court when his petition for writ of habeas corpus challenging his extradition was denied by the Court of Common Pleas of Lawrence County. Second, Plaintiff complains of injuries caused by the state-court judgment, *i.e.*, his extradition. Three, the judgment of the state court was rendered April 1, 2010, well before the

7

federal suit was filed on July 9, 2010. Four, Plaintiff is inviting the district court to review and reject the state judgment. Specifically, he complains that no Governor's warrant was served as required by the Uniform Extradition Act (ECF No. 23). Plaintiff is essentially asking this Court to conduct a *de novo* review of the state court proceeding related to his extradition. In order to grant relief on Plaintiff's claim, this court would be required to find that Judge Wherry's Order was invalid and/or entered in violation of law. Plaintiff cannot do this under the guise of a civil rights claim.

Because such a ruling would render the state court judgment ineffectual, this court does not have subject matter jurisdiction over plaintiff's claim under the Rooker-Feldman Doctrine. *Accord* Burgos v. McEwan, Civil Action No. 10-3766, 2011 WL 222498 (3d Cir. Jan. 25, 2011) (*sua sponte* dismissing complaint as clearly barred by the Rooker-Feldman doctrine); Van Tassel v. Lawrence County Domestic Relations Sections, 390 Fed. App'x 201, 203 (3d Cir. 2010) (affirming District Court's *sua sponte* dismissal of complaint under Rooker-Feldman); White v. Rabner, 349 Fed. App'x 681, 682 (3d Cir. 2009) (same); Burrows v. Beard, Civil No. 09-314, 2010 WL 608323 (W.D. Pa. Feb. 17, 2010) (dismissing complaint attacking suppression court judgment under Rooker-Feldman as legally frivolous in accordance with 28 U.S.C. § 1915(e)).

Dismissal on the basis of Rooker-Feldman is recognized as a situation where amendment of the Plaintiff's complaint would be futile. *See* Reisinger v. Luzerne County, 712 F.Supp.2d 332, 352 (M.D. Pa. 2010) (citing Watkins v. Proulx, 235 Fed. App'x 678, 679 (9th Cir. 2007)). Thus, Plaintiff will not be provided the opportunity to amend his complaint. *Cf.* Haagensen v. Supreme Court of Penn., 390 Fed. App'x. 94, 98 (3d Cir. 2010).

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Complaint be

dismissed in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2) and/or § 1915A because this Court does not have subject matter jurisdiction as a result of the Rooker-Feldman Doctrine. It is further recommended that the Motion to Dismiss filed by Defendants John Doe #1 and the Lawrence County Correctional Center (ECF No. 20) be denied as moot and that Plaintiff's Motion for Summary Judgment (ECF No. 17) be denied.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights. Brightwell v. Lehman, 637 F.3d 187, 193, n.7 (3d Cir. 2011).

|  |  |
|---|---|
| May 17, 2011 | /s/ Lisa Pupo Lenihan<br>Lisa Pupo Lenihan<br>Chief United States Magistrate Judge |

cc; Tim McGeachy
    23318
    Hudson County Correctional Center
    35 Hackensack Avenue
    Kearny, NJ 07032